IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAUL LOPEZ and GUADALUPE LOPEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-4685 |
| | § | |
| ALLSTATE TEXAS LLOYD'S, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

This is a suit to recover insurance proceeds and damages for breach of contract and under TEX. INS. CODE §§ 541.060, 541.151. Nationwide filed a verified plea in abatement, invoking the Texas Insurance Code's requirement that a plaintiff seeking damages under the statute must give prior written notice of the complaint and the amount of damages sought, including fees, "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. (Docket Entry No. 7). The plaintiffs responded, arguing that they were not required to give presuit notice because of the approaching statute of limitations deadline and, alternatively, that the state-court petition filed on October 14, 2010 and a letter sent December 23, 2010 provided the notice required by the Insurance Code. (Docket Entry No. 19).

Section 541.154(a) of the Texas Insurance Code states: "A person seeking damages in an action against another person under this chapter must provide written notice to the other person not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154(a). The notice must advise the other person of "the specific complaint" and "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other

person." TEX. INS. CODE § 541.154(b). There is an exception to this requirement if "giving notice is impracticable because the action: (1) must be filed to prevent the statute of limitations from expiring . . . ." TEX. INS. CODE § 541.154(c)(1). The purpose of the 60-day notice requirement under the Texas Insurance Code is to "discourage litigation and encourage settlements of consumer complaints." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992) (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985)).[1] The notice requirement gives the insurer an opportunity to make a settlement offer and limit its damages exposure under the Insurance Code. TEX. INS. CODE § 541.156; *see also In Re Behr*, No. 04-05-00895-CV, 2006 WL 468001, at *2 (Tex. App.—San Antonio Mar. 1, 2006, no pet.) (holding that without presuit notice, a defendant "is denied his right to limit his damage exposure through an offer of settlement as contemplated by sections 541.156–.159 of the Insurance Code").

A person who does not receive presuit notice may file a plea in abatement under § 541.155. The insurer "may file a plea in abatement not later than the 30th day after the date the person files an original answer." TEX. INS. CODE § 541.155(a). Abatement "beginning on the 11th day after the date a plea in abatement is filed" is automatic and without court order if the defendant "verifie[s]" the plea in abatement and the plaintiff has not controverted the verified plea in abatement. TEX. INS. CODE § 541.156(c) (emphasis added); *In re Alford Chevrolet–Geo*, 997 S.W.2d 173, 178 (Tex. 1999) (holding that a trial court need not order abatement when a case automatically abates); *Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 610 (N.D. Tex. 2006) (same)  If there

---

[1] Both the Texas Insurance Code and the Deceptive Trade Practices Act (DTPA) require a plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both statutes, "to encourage settlement and avoidance of litigation." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) (citing *Hines*, 843 S.W.2d at 469 (Tex. 1992)). Cases involving the DTPA notice provision are instructive on whether the requirements of the Texas Insurance Code notice provision have been met.

is a timely objection, "[t]he court shall abate the action if, after a hearing, the court finds that the person is entitled to an abatement because the claimant did not provide the notice as required by Section 541.154." TEX. INS. CODE § 541.155(a), (b). In either case, "abatement . . . continues until the 60th day after the date notice is provided." TEX. INS. CODE § 541.155(d).

In this case, no statutory notice was provided before suit was filed. The plaintiffs argue that the state court petition provides notice. But the state court petition does not provide "the amount of actual damages and expenses, including attorney's fees reasonably incurred in asserting the claim against the other person." TEX. INS. CODE § 541.154(b)(1). The contents of the petition do not meet the statutory notice requirement.

The plaintiffs also argue that the pendency of limitations excuses the notice requirement. Courts have held that "[i]n order to qualify for the exception to the notice requirement because of an impending statute of limitations, a plaintiff must plead and offer some proof that the giving of notice was 'rendered impracticable' by the impending expiration of the limitations period." *Cleo Bustamante Enters., Inc. v. Lumbermens Mut. Cas. Co.*, No. Civ. A. SA-05-CA0433, 2005 WL 1586994, at *1 (W.D. Tex. June 30, 2005) ("Plaintiff has not offered any proof as to why the proper notice, including the amount of economic damages, expenses, and attorneys' fees reasonably incurred, could not have been given 60 days prior . . . ."); *see also Camp v. RCW & Co., Inc.*, Civ. A. No. H-05-3580, 2007 WL 1306841, at *11 (S.D. Tex. May 3, 2007) ("[T]o benefit from this exception, a 'plaintiff must plead and prove that he qualifies for the limitations exception.'" (quoting *Winkle Chevy–Oldsmobile–Pontiac, Inc. v. Condon*, 830 S.W.2d 740, 745 (Tex. App.—Corpus Christi 1992, writ dism'd) (alterations omitted)); *Behr*, 2006 WL 468001, at *2 (abating the plaintiff's suit even though the plaintiff could not provide notice within the statute of limitations

3

because the plaintiff could identify all named defendants six months before filing suit).  In this case, there is no pleading or proof that limitations made the statutory notice "impracticable."  Nor is there any explanation for why the plaintiffs did not send a notice letter when or shortly after they filed the lawsuit.

The plaintiffs argue that even if they did not timely comply with the presuit written notice requirement, the letter they sent on December 23, 2010 met the requirement. Sections 541.154(b)(1) and (b)(2) of the Texas Insurance Code require a party to provide basic information to the defendant in the written notice:  the "specific complaint" and the amount of actual damages and expenses sought. TEX. INS. CODE § 541.154(b)(1), (b)(2).  Texas courts interpreting the statute have held that notice letters containing specific factual allegations supporting the causes of action, or at least enough information to imply those facts, satisfy the notice requirement.  *See Richardson v. Foster & Sear LLP*, 257 S.W.3d 782; *Williams v. Hills Fitness Center, Inc.*, 705 S.W.2d 189 (Tex. App.—Texarkana 1985, writ ref'd n.r.e.) (holding that the plaintiff's four-paragraph notice letter satisfied the notice requirement of the DTPA, even though the allegations were general and the court had to imply the specific facts supporting the cause of action).  The notice letter in this case contains scant factual information about the cause of action.  But it does identify the damages sought — $150,00 in economic damages, $30,000 in mental anguish damages, and $72,000 in expenses and attorneys' fees.  And it alleges, as did the petition, that an inadequate inspection led to payment

insufficient for the covered damages. The letter is sufficient notice under § 541.154(b) of the Texas Insurance Code and triggered the 60-day abatement period.

The abatement period runs to 60 days from the date on which Allstate received notice, December 23, 2010. *See* TEX. INS. CODE § 541.155(d). Because that date, February 21, 2011, has now passed, Allstate's motion to abate is denied as moot.

SIGNED on February 23, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge